IAN WALLACH (SBN 237849)
THE LAW OFFICES OF IAN WALLACH, P.C.
5777 West Century Boulevard, Suite 750
Los Angeles, CA  90045
E-mail: iwallach@wallachlegal.com
Tel.:  (213) 375-0000
Fax.:  (213) 402-5516

*Attorney for Defendant*,
Javier Hernandez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>*v.*<br><br>ESMERELDA GOMEZ, ET AL. (HERNANDEZ),<br><br>Defendants. | Case No: 2:17-cr-00064-3-CAS<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND CLARIFICATION**<br><br>Date:   April 16, 2026<br>Time:   12:00 P.M.<br>Ctrm:  8D<br><br>*Before Honorable Christina A. Snyder* |

To the Honorable Christina A. Snyder, United States District Judge; Assistant United States Attorney's Office; Assistant United States Attorney Johnpaul Lecedre; and/or representatives:

PLEASE TAKE NOTICE THAT on April 16, 2026, in Courtroom 8D on the 8th Floor of the Courthouse located at 350 West First Street, Los Angeles, California, 90012,  at 12:00 p.m. Defendant Javier Hernandez ("defendant") will move this Court

to reconsider its Order of November 24, 2025 [ECF 478] denying defendant's motion to dismiss and also to provide clarification as to that order.

The Motion will be based on this notice, the attached memorandum of law, any objections, oppositions, and/or reply, the Court file and any arguments presented at a hearing.

Respectfully Submitted,

LAW OFFICE OF IAN WALLACH, PC

Dated: March 23, 2026        _____

IAN WALLACH
*Attorney for Defendant*,
Javier Hernandez

NOTICE OF MOTION

MEMORANDUM OF LAW

I.    **THE COURT'S ANALYSIS CONTAINED IN ITS ORDER OF NOVEMBER 24, 2025 CREATES TENSION WITH A PRIOR DECISION WITHIN THIS DISTRICT AND WARRANTS CLARIFICATION**

In its November 24, 2025 Order [ECF 478], this Court distinguished authorities cited by the defense on the ground that the defendants in those cases "were detained or deported prior to trial or a guilty plea," and concluded that Defendant's post-plea status materially distinguishes this case. (*Id.*, at 9–10).

Respectfully, that premise appears to overlook a materially similar post-plea decision within this district.

In *United States v. Solano-Lopez*, Case No. 8:25-cr-00093-HDV, a court within this district addressed closely analogous circumstances, including where the defendant had entered a guilty plea and was deported prior to sentencing. *Id.* at pp. 1–2. In that matter, the court concluded that the government's conduct frustrated the purpose of the plea agreement and warranted dismissal with prejudice. The *Solano-Lopez* court found (as defendant argued in this matter) that the government's act of deporting the defendant frustrated the purpose of the plea agreement; violated the spirit of the Court's prior orders and constituted bad faith. As such, the court in *Solano-Lopez* dismissed the matter with prejudice. *Solano-Lopez*, at pp. 3-4.

By contrast, in this matter, this Court concluded that dismissal was not warranted because (a) this case could be distinguished in that it was in post-plea status; and (b) the availability of the parole process sufficiently remedied any impact on Defendant's rights to counsel and presence at sentencing. (Order of Nov. 24, 2025 at p.10).

The reasoning in *Solano-Lopez* reflects a materially different approach within this district to post-plea deportation. While not binding on this Court, it highlights a tension in how similar circumstances are treated and warrants examination as to whether the distinction drawn here meaningfully differentiates the facts or reflects a divergence in

approach. *Solano-Lopez* makes clear that post-plea status does not preclude dismissal with prejudice where the government's conduct undermines the integrity of the plea process and the Court's authority. By contrast, the present Order concludes that the availability of parole sufficiently remedies that same deprivation. These competing approaches warrant clarification.

Clarification is warranted to ensure a consistent application of the law within this district and to ascertain whether the distinction identified in this Court's order of November 24, 2025 reflects this Court's intended approach.

## II. THE COURT'S RELIANCE ON THE PAROLE PROCESS IMPROPERLY SHIFTS A GOVERNMENTAL BURDEN TO THE DEFENSE

In its order of November 24, 2025, this Court further reasoned that Defendant's rights were not materially prejudiced because the defendant "may yet return to the United States via the parole process," and, furthermore, that defense counsel is obligated to inform Defendant of that opportunity. (Order of November 24, 2025 at pp. 10–11 & Fn.8).  But defense counsel does not disagree that there is a duty upon counsel to communicate developments to the client.

Defendant's concern is not with the duty to communicate, but with the practical burden imposed by the Court's ruling.

Such a requirement would effectively impose on defense counsel a role not contemplated by the Federal Rules, the Constitution, or governing ethical obligations.

As the Court is aware, defense counsel has informed the court and parties that the defendant, as a result of his deportation, is impoverished, lives in a small room and lacks the means to access or print the materials that the government sent, without solicitation, to defense counsel. The government's remedy cannot be fulfilled without affirmative and administrative action by defense counsel – imposing a duty upon defense counsel which both does not exist and transforms defense counsel into the

prosecution's agent. There is no authority in the Federal Rules of Criminal Procedure, the Constitution, or governing ethical rules that imposes on defense counsel a duty to act as an agent of the government in effectuating immigration parole. The government — having created the underlying circumstance — bears responsibility for effectuating any proposed remedy (and cannot compel defense counsel to assist). Accordingly, the government's proposed remedy is insufficient.

### III.   REQUEST FOR CLARIFICATION

For the foregoing reasons, Defendant respectfully requests that the Court clarify:

1. Whether post-plea deportation warrants dismissal with prejudice as recognized in *Solano-Lopez*;

2. Whether the distinction drawn in the present Order is intended to depart from or reconcile with that decision; and

3. Whether the availability of parole may properly be deemed an adequate remedy where its implementation depends on actions outside Defendant's control and requires defense counsel to effectuate despite a statutory, ethical, or other rule compelling defense counsel to do so.

This request is made to ensure a clear and accurate record and to preserve the issue for appellate review.

Respectfully Submitted,

LAW OFFICE OF IAN WALLACH, PC

Dated: March 23, 2026   _____

IAN WALLACH
*Attorney for Defendant*,
Javier Hernandez

MEMORANDUM OF LAW