UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cr-00064-CAS - 3 | | Date | March 25, 2026 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|
| Interpreter | N/A |

| Catherine Jeang | Not Present | JohnPaul LeCedre, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Atty for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JAVIER HERNANDEZ | NOT | | X | IAN WALLACH | NOT | X | |

**Proceedings:**   (IN CHAMBERS) – DEFENDANT'S MOTION FOR RECONSIDERATION AND CLARIFICATION (Dkt. 487, filed March 23, 2026)

## I.   INTRODUCTION AND BACKGROUND

On February 3, 2017, the government filed a three-count indictment against defendants Esmeralda Gomez, Raymundo Lugo Martinez, Javier Hernandez (aka Francisco Iniguez) (hereafter, "defendant") and Henry Quijada.  Dkt. 1.  The indictment charged defendants with (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (3) sought criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1)(A).  Id.

On December 8, 2021, defendant entered a plea of guilty to Count 1 of the Indictment, charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), b(1)(A)(viii).  Dkt. 99.  Defendant agreed to cooperate with the government and testify at the jury trial of two co-defendants, which was scheduled for August 19, 2025.  Dkt. 161 at 2; Dkt. 168 ¶ 3.

On February 19, 2025, defendant was arrested by United States Immigration and Customs Enforcement (ICE) and detained at Desert View Facility in Adelanto, California for removal proceedings.  Dkt 163 at 1.  On February 19, 2025, after defense counsel notified government counsel that defendant had been detained by immigration officials, the parties stipulated to continuing defendant's sentencing hearing to October 6, 2025.  Dkt. 162.

On March 17, 2025, defendant filed a writ of habeas corpus, and the government filed a non-opposition.  Dkts. 164, 165.  The Court set a hearing for March 31, 2025.  Dkt. 169.  At the hearing, counsel for defendant notified the Court and the government that defendant had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    **'O'**

deported.  Dkt. 172.  On April 1, 2025, Pretrial Services notified the Court that it had made contact with defendant who advised Pretrial Services that he was deported on March 24, 2025, by ICE, and that he was now residing in Mexico.  Dkt. 171 at 1.  Pretrial Services notified defense counsel and Assistant United States Attorney LeCedre, who each reported being aware of the situation.  Id.

On April 2, 2025, defendant filed a motion to dismiss the case.  Dkt. 170.  The government filed an opposition and other supplemental responses and objections to defendant's filings.  Dkts. 178, 193, 199, 208, 228, 254, 429, 424.  Defendant filed several supplemental replies, notices of supplemental authority, and responses to government filings, all in support of the motion to dismiss.  Dkts. 181, 188, 198, 225, 261, 387, 395, 411, 425.

On September 23, 2025, defendant filed a statement that as a result of defense counsel's limited communications with defendant, defense counsel would not be able to submit a Sentencing Position Paper for the sentencing scheduled for October 6, 2025.  Dkt. 426.  On September 30, 2025, the government filed its sentencing memorandum.  Dkt. 440.  On October 1, 2025, the government filed a response to defendant's statement regarding the Sentencing Position Paper.  Dkt. 433.  On October 3, 2025, defendant filed a reply to the government's response to defendant's statement regarding the Sentencing Position Paper.  Dkt. 450.

On October 2, 2025, defendant filed an *ex parte* application to set a hearing date for the motion to dismiss and to continue defendant's sentencing hearing.  Dkt. 444.  On October 2, 2025, the government filed its opposition to defendant's *ex parte* application to continue the sentencing hearing.  Dkt. 447.  On October 2, 2025, defendant filed a reply to the government's opposition.  Dkt. 437.

On October 3, 2025, the Court, on its own motion, converted the sentencing hearing on October 6, 2025, to a status conference.  Dkt. 441.  At the status conference, the Court set a hearing for defendant's motion to dismiss on November 24, 2025, and the Court reset defendant's sentencing hearing to February 23, 2026.  Dkt. 451.  The Court permitted defendant and the government to each file a final supplemental brief.  Id.

On November 10, 2025, defendant filed a supplemental motion to dismiss.  Dkt. 463.  On November 12, 2025, defendant filed a motion to set aside the plea agreement.  Dkt. 466.  On November 17, 2025, the government filed a supplemental brief in opposition to defendant's motion to dismiss and defendant's motion to set aside the plea.  Dkt. 469.  On November 21, 2025, defendant filed a "Final Reply to Opposition to Supplemental Motion to Dismiss," and an "Addendum to Final Reply."  Dkt. 473 and Dkt. 474.

CR-11 (10/16)                    **CRIMINAL MINUTES - GENERAL**                    **Page 2 of 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**        **'O'**

On November 24, 2025, the Court held a hearing.  Dkt. 478.  The Court denied defendant's motion to dismiss and defendant's motion to set aside the plea agreement.  Id.

On January 5, 2026, the government filed a notice of the government's anticipated sentencing procedure in the event of defendant's non-appearance.  Dkt. 480.

On February 3, 2026, defendant filed an *ex parte* application for a status conference.  Dkt. 481.  In the application, counsel for defendant declared that defendant "has made the voluntary choice to return to the United States for sentencing."  Id. at 3 ¶ 4.

On February 5, 2026, the Court set a status conference for February 6, 2026.  Dkt. 482.  On February 6, 2026, at the status conference, the Court continued defendant's sentencing date from February 23, 2026, to April 16, 2026.  Dkt. 483.  The Court ordered U.S. Probation and Pretrial Services to provide the Court with an updated Presentence Report on or before March 2, 2026.  Id.  And the Court ordered that defendant's sentencing brief shall be filed on or before April 9, 2026, and the government's optional reply brief shall be filed on or before April 13, 2026.  Id.

On March 2, 2026, U.S. Probation and Pretrial Services filed a Revised Disclosed Recommendation Letter, a Revised Presentence Report, and a First Addendum to the Revised Presentence Report.  Dkts. 484, 485, 486.

On March 23, 2026, defendant filed the instant motion for reconsideration and clarification.  Dkt. 487 ("Mot.").

The Court finds the present motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  Accordingly, the matter is hereby taken under submission.  Having carefully considered defendant's motion, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motion for Reconsideration

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law.  However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs."  Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    **'O'**

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.  "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California."  Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for failure to comply with L.R. 7-18).

"Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

### B.    Motion for Clarification

"A 'motion for clarification' is not a formal creature of civil procedure; it appears nowhere in the Federal Rules.  Nevertheless, federal courts permit parties to tender motions that beseech the court 'to explain or clarify something ambiguous or vague' about a ruling, but not to 'alter or amend' it."  All. of Artists & Recording Companies, Inc. v. Gen. Motors Co., 306 F. Supp. 3d 413, 418 (D.D.C. 2016) (citations omitted); see also In re Fontem US, Inc. Consumer Class Action Litig., No. SACV 15-01026 JVS (RAOx), 2017 WL 10402988, at *2 (C.D. Cal. Mar. 8, 2017) ("A court may interpret and explain a judgment to guide the parties without express reliance on any particular statute or rule.  This type of relief is available as long as the clarification would not work a substantive change in the result.") (citing Bordallo v. Reyes, 763 F.2d 1098, 1101-02 (9th Cir. 1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    **'O'**

## III.    DISCUSSION

### A.    Motion for Reconsideration is Untimely

Defendant's instant motion for reconsideration of the Court's November 24, 2025 order was filed on March 23, 2026, seventeen weeks after the order was issued.  "Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."  C.D. Cal. L.R. 7-18.  Here, defendant argues that the Court's order "creates tension with a prior decision within this district."  Mot. at 3.  However, the prior decision cited by defendant, United States of America v. Omar Solano-Lopez, 8:25-cr-00093-HDV (Order of August 4, 2025), was available to defendant, and in fact cited by defendant, prior to the Court's order.  See dkts. _____.   Defendant fails to explain why the instant motion for reconsideration based on this prior decision could not have been made in a timely manner.  Accordingly, the Court finds that defendant has not demonstrated good cause for his delay in filing the instant motion for reconsideration.[1]

### B.    Grounds for Reconsideration

The Court also finds that defendant's instant motion for reconsideration fails to identify a proper ground for reconsideration.  The motion does not present "a material difference in fact or law from that presented to the Court," "the emergence of new material facts or a change of law occurring after the Order was entered," or "a manifest showing of a failure to consider material facts presented to the Court."  C.D. Cal. L.R. 7-18.  Instead, the motion repeats the arguments made in defendant's briefing and oral argument in support of the motion to dismiss and asks the Court to reconsider its legal conclusion.  Specifically, defendant argues that the Solano-Lopez decision supports dismissal and that the Court's reliance on the parole process as a remedy improperly shifts a governmental burden to the defense.  Because the Court already considered these arguments in reaching its initial decision, there is not a proper basis for reconsideration. See C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.").

### C.    Clarification

To the extent that defendant seeks clarification of the Court's order, the Court finds that the order was not ambiguous or vague.  The Court denied defendant's motion to dismiss the indictment based on finding that defendant's lawful removal from the United States by the

---

[1] Additionally, defendant noticed a hearing on the instant motion for April 16, 2026, only twenty-four days after the motion was filed in violation of the requirement in the local rules that a motion be filed no later than twenty-eight days before the date set for hearing.  See C.D. Cal. L.R. 6-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    **'O'**

government did not constitute outrageous or illegal misconduct and the availability of the parole process as a lesser remedial action to the risk of prejudice to defendant's rights to counsel and presence at sentencing renders dismissal of the indictment pursuant to the Court's supervisory powers inappropriate.  Dkt. 478 at 9, 10.

Defendant asks the Court to clarify "[w]hether post-plea deportation warrants dismissal with prejudice as recognized in Solano-Lopez."  Mot. at 5.  The Court clarifies that there is no bright-line rule regarding particular factual circumstances that necessarily warrant dismissal of an indictment pursuant to the Court's supervisory powers.  See United States v. Owen, 580 F.2d 365, 367 (9th Cir. 1978) (Dismissal of an indictment pursuant to the Court's supervisory powers is "an extreme sanction which should be infrequently utilized."); United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir. 1991) ("Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right *and no lesser remedial action is available*.") (emphasis added).

As highlighted in the Court's order, Solano-Lopez considered materially distinguishable circumstances and resolved a distinct legal question.  Dkt. 478 at 9 ("In the only case that defendant cited where the defendant had also pled guilty prior to his deportation, the government had moved for voluntary dismissal without prejudice of the criminal case for illegal reentry under 8 U.S.C. § 1326 after the defendant had been deported.").  In Solano-Lopez the Court held that the government's voluntary dismissal without prejudice of its criminal prosecution of a defendant for illegal reentry, after choosing to deport the defendant mid-prosecution and post-plea agreement, is sufficient to make a finding of bad faith such that voluntary dismissal *without* prejudice rather than with prejudice is warranted.  8:25-cr-00093-HDV (Order of August 4, 2025) at *3.  Solano-Lopez did not recognize the proposition that, absent voluntary dismissal by the government, post-plea deportation of a criminal defendant necessarily warrants dismissal pursuant to the Court's supervisory powers.  Accordingly, in response to defendant's request for clarification of "[w]hether the distinction drawn in the [Court's order] is intended to depart from or reconcile with [Solano-Lopez]," Mot. at 5, the Court clarifies that its order does not depart from the decision in Solano-Lopez because Solano-Lopez is inapposite to the factual circumstances of this case and the legal question presented by defendant's motion to dismiss.

Finally, defendant asks the Court to clarify:

Whether the availability of parole may properly be deemed an adequate remedy where its implementation depends on actions outside Defendant's control and requires defense counsel to effectuate despite a statutory, ethical, or other rule compelling defense counsel to do so.

Mot. at 5.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL                    'O'

It is unclear to the Court what particular ethical obligation defense counsel believes the Court's order requires him to breach. The Court's order recognized "that defense counsel is under no obligation to advise his client to pursue any course of conduct that would be against the interest of his client," but that "defense counsel is ethically obligated to inform his client of the government's offer of parole as a significant development related to his case." Dkt. 478 at 11 n.8 (citing rules). The Court merely relied on the government's offer of parole and defense counsel's ability and ethical obligation to communicate this offer with his client in order to find that the parole process was an available remedy to the risk that defendant's forced removal from the United States would prejudice defendant's right to be present at sentencing. Dkt. 478 at 11. And, indeed, on February 3, 2026, defense counsel declared that defendant "has made the voluntary choice to return to the United States for sentencing." Dkt. 481 at 3 ¶ 4.

Defense counsel now argues that "[t]here is no authority in the Federal Rules of Criminal Procedure, the Constitution, or governing ethical rules that imposes on defense counsel a duty to act as an agent of the government in effectuating immigration parole." Id. But it appears to the Court that to the extent defense counsel's participation is necessary to effectuate defendant's immigration parole, such participation is in furtherance of defendant's choice to return to the United States for sentencing. In other words, defense counsel's involvement is not as an agent of the government but as counsel to his client.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for reconsideration and clarification.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

cc: U.S. Probation and Pretrial Services