TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorney
    Post-Conviction and Special Litigation Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4447
    Facsimile: (213) 894-0142
    E-mail:   johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>        v.<br><br>ESMERALDA GOMEZ, et al.,<br><br>  JAVIER HERNANDEZ,<br>    aka "Francisco Iniguez (#3)<br><br>      Defendants. | CR No. 2:17-00064-CAS-3<br><br><u>GOVERNMENT'S REPLY IN SUPPORT OF REQUEST FOR FINDING OF VOLUNTARY ABSENCE AND DECLARATION OF BREACH</u> [DKT NO. 512]<br><br>Hearing Date: May 14, 2026<br>Hearing Time: 12:00 p.m.<br>Location:    Courtroom of the<br>              Hon. Christina A.<br>              Snyder |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney JohnPaul LeCedre, hereby files its Reply in support of its Request for Finding of Voluntary Absence and Declaration of Breach. (Docket Number ("Dkt.") 512.)

//

i

This Reply is based upon the attached Memorandum of Points and Authorities, the files and records in this case, and such further evidence and argument as the Court may request or permit at the hearing on this matter.

Dated: May 7, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division


  /s/ *JohnPaul LeCedre*
JOHNPAUL LECEDRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

<u>**SUPPLEMENTAL POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant Javier Hernandez's ("Defendant") opposition does not dispute the core facts: Defendant had notice of the April 16, 2026 sentencing hearing, valid immigration parole authorization was active, defense counsel confirmed weeks earlier that Defendant had made the "voluntary choice to return," and Defendant did not appear.

Faced with that record, Defendant now asks this Court to import an out-of-circuit burden-shifting framework that no Ninth Circuit court has adopted, invoke a structural defect doctrine designed for defendants who had no lawyer – not defendants whose lawyer filed a 23-page brief – repurpose a case about incomplete disclosures to immunize two flatly contradictory sworn statements, and quietly discard a prior sworn representation to this Court in favor of a new one that says the opposite.

None of it holds. The record compels a finding of voluntary absence. The plea agreement has been breached. The Court should proceed to in absentia sentencing accordingly.

**II.    ARGUMENT IN REPLY**

    **A.    The Governing Standard for Voluntary Absence Is Met – And Defense's Borrowed Framework Changes Nothing.**

Voluntary absence at sentencing is established where a defendant had notice of the proceeding and failed to appear without adequate justification. <u>United States v. Fontanez</u>, 878 F.2d 1268, 1269-70 (9th Cir. 1989); Fed. R. Crim. P. 43(c)(1)(B). No Ninth Circuit decision imposes a burden-shifting framework on that inquiry. The defense cites none.

1

Both elements are conclusively established here. Defense counsel swore on February 3, 2026 that Defendant "has made the voluntary choice to return to the United States for sentencing." (Dkt. 481 at 3 ¶ 4.) The government duly notified Court and counsel of the valid Special Public Benefit Parole ("SPBP") and confirmed that it was active at the relevant time – meaning he could have crossed the border and been admitted. (Apr. 16, 2026 Hr'g Tr. 5:4-9.) He had not crossed. (Id.) The Court observed from the bench that Defendant had been "given an opportunity to return," that transportation had been offered, and that "his decision not to appear [at the sentencing hearing] is in fact voluntary." (Dkt 490 (Status Report, re: Approval of SPBP Parole); Apr. 16, 2026 Hr'g Tr. 12:24-13:6) (emphasis added). Nothing in the opposition's 23 pages changes any of those facts.

The defense urges this Court to instead "indulge every reasonable inference against a finding of voluntary absence," drawn from United States v. Achbani, 507 F.3d 598 (7th Cir. 2007), and companion out-of-circuit authority. (Opp. at 7-9.) This framework has not been adopted in the Ninth Circuit. But the Court need not resolve the circuit split – even under Achbani, the result is the same. Achbani involved a genuinely ambiguous notice record; the circuit court affirmed the district court's finding of voluntary absence after indulging inferences because the facts compelled it regardless. (Id. at 599.) Here, there is no ambiguity to resolve: Defendant's own counsel confirmed notice and voluntary intent under oath, parole authorization was confirmed active on the date of the hearing, and Defendant has never made a request – neither to the government, nor the Court – to facilitate his return, including for any future hearing. (Apr. 16, 2026 Hr'g Tr. 20:4-6.) Every reasonable inference

2

the defense asks this Court to indulge runs directly into those facts.[1] The defense also deploys Hays v. Arave, 977 F.2d 475 (9th Cir. 1992), as a structural bar – arguing that government adjacent circumstances render absence categorically involuntary and immune from harmless error review. (Opp. at 7.) Hays holds no such thing. Hays held that sentencing a voluntarily absent defendant does not violate constitutional rights. 977 F.2d at 478. An argument that inverts a holding is not authority for the inverted proposition.

**B.    Defense's Remaining Legal Arguments Fare No Better.**

Cronic does not apply. United States v. Cronic, 466 U.S. 648 (1984), addresses the complete deprivation of counsel at a critical stage of proceedings – circumstances so structurally adverse that prejudice is assumed without inquiry. (Id. at 648.) The record here shows the opposite: defense counsel has appeared at every hearing, filed a 23-page opposition brief to preserve Defendant's position, admitted to maintaining contact with Defendant throughout, and personally confirmed to this Court under oath that Defendant intended to return, making no contrary notification prior to the sentencing hearing. (Dkt. 481 at 3 ¶ 4; Apr. 16, 2026 Hr'g Tr. 8:3-11.) The constitutional infirmity that Cronic addresses is the absence of a lawyer. Defendant had one. That counsel was not obligated to finance Defendant's travel to the border is not a structural defect – it is an ordinary incident of a defendant's obligation to appear. Importing Cronic's presumed-prejudice framework to cover a defendant's

---

[1] Defendant's own proposed order identified the Achbani "every reasonable inference" framework as an open issue warranting sur-reply briefing. (Dkt. 518-1 at 2.) That the defense itself framed it as unsettled confirms it is not binding here.

3

voluntary non-return would untether the doctrine from its constitutional foundation entirely.

Packwood fares no better. United States v. Packwood, 848 F.2d 1009 (9th Cir. 1988), held that a plea agreement's truthfulness obligation is not violated by incomplete disclosure – omitting information that the defendant did not know was relevant. That principle has no purchase here. The government does not allege omission. It alleges two irreconcilable sworn accounts of the same events: what Defendant told federal agents under proffer on March 23, 2022, and what Defendant told the United States Probation Office on February 26, 2026. These accounts cannot both be true. Packwood's incomplete-information gloss does not immunize a defendant who gave one false account or the other – it simply does not speak to that situation. The dilemma is the point: if the proffer account is true, Defendant lied to probation in breach of ¶ 2(g). If the probation account is true, Defendant lied to federal agents in violation of 18 U.S.C. § 1001, in breach of ¶ 2(f). The government need not resolve which account is false. Either way, the agreement is breached.[2]

**C.    The Opposition Asks This Court to Credit a Sworn Account That Contradicts a Prior Sworn Account to This Court.**

On February 3, 2026, defense counsel declared under penalty of perjury stating that Defendant "has made the voluntary choice to return to the United States for sentencing." (Dkt. 481 at 3 ¶ 4.) The Court and counsel relied on that representation both in denying the defense motion for reconsideration, (Dkt. 489), and in proceeding with the sentencing hearing on April 16, 2026. The government relied

---

[2] The Court need not even reach this question if it finds that absence was voluntary and in breach of ¶ 2(d) of the plea agreement.

on it in confirming parole authorization and preparing to proceed. The opposition now swears the opposite: that return was practically impossible, that counsel had no obligation to facilitate it, and that the government's failure to fund and arrange Defendant's travel to the border rendered his absence structurally involuntary. (Opp. at 5-6.)

These positions cannot coexist. Either Defendant had made the voluntary choice to return – in which case the opposition's impossibility narrative is false – or return was practically impossible – in which case the February 3 declaration was false. Before this Court makes findings of fact premised on Defendant's current account, the prior sworn representation – made to this Court, under penalty of perjury, and relied upon by both Court and the government – deserves something more than silent abandonment.

**III. CONCLUSION**

The opposition does not identify a single fact that was unavailable on April 16, 2026. It identifies no evidence that Defendant attempted to return. It offers no explanation for why a sworn representation made to this Court in February is now inoperative. What it offers instead are legal frameworks imported from other circuits, a constitutional doctrine applied to the wrong problem, and a factual account irreconcilable with prior sworn statements. None of it is sufficient to overcome a record that the Court itself described as compelling a finding of voluntary absence.

The government respectfully requests that this Court find Defendant voluntarily absent, declare the plea agreement breached on the grounds set forth in the government's motion, and impose a sentence unconstrained by the plea agreement's sentencing cap.

5