IAN WALLACH (SBN 237849)
THE LAW OFFICES OF IAN WALLACH, P.C.
5777 West Century Boulevard, Suite 750
Los Angeles, CA  90045
E-mail: iwallach@wallachlegal.com
Tel.:  (213) 375-0000
Fax.:  (213) 402-5516

*Attorney for Defendant*,
Javier Hernandez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>*v.*<br><br>ESMERELDA GOMEZ (HERNANDEZ),<br><br>Defendants. | Case No: 2:17-cr-00064-3-CAS<br><br>**DEFENDANT'S FINAL RESPONSE**<br><br>Date:   April 14, 2026<br>Time:   12:00 PM<br>Ctrm:   8D<br><br><br>*Before the Hon. Christina A. Snyder* |

MEMORANDUM

I.      The Government Has Not Identified A Material Misrepresentation To A Probation Officer Or The Court Sufficient To Declare A Breach

The Government has submitted its third opportunity to establish that the defendant made a material misrepresentation to this Court or a probation officer[1] that justifies declaring a breach of the plea agreement. Therein, the Government did not identify *any* representation to examine – let alone one that constitutes either a misrepresentation or one sufficiently material to justify declaring a breach. (*See* Gov'ts. Motion at 4:11-18). The Government repeatedly accuses the defendant of making "irreconcilable" statements while never quoting the supposedly irreconcilable statements, identifying when they were made, or explaining why they cannot both be true. Instead, the Government reasserts its belief that the defendant provided conflicting representations – without identifying any in conflict. The Government's position appears to be that it may declare a plea agreement breached without identifying which statement was false, proving falsity, or establishing that any statement was knowingly untruthful. The defense is aware of no authority permitting rescission of a plea agreement on such an indeterminate theory. Absent identification of any representation, no breach can be declared. *See United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).

Moreover, no such misrepresentation was ever made by the defendant. The defense is not aware of any. The Government has not presented any. And the United States Probation Officer – who had access to the same reports available to the Government – did not identify any.

---

[1] The provision of the plea agreement at issue, ¶ 2(g), provides that the defendant agreed to be "truthful at all times with the United States Probation and Pretrial Services Office and the Court." [ECF 95].

II.    The Government Has Not Established That It Is Not Responsible For The Defendant's Absence For Trial Or Sentencing

*Hays v. Arave*, 977 F.2d. 475 (9th Cir., 1992) recognizes that sentencing a defendant whose absence was not voluntary violates due process. *Id.* at 478. Here, the defendant's absence resulted from the Government's affirmative act of deporting him before sentencing. No new arguments have been presented for the Court's consideration. Since deporting the defendant in March of 2025, the Government continues to steadfastly deny any responsibility for the defendant's non-appearance during trial or sentencing. The Government continues to maintain that sending a form to defense counsel that could presumably allow the defendant to surrender at a United States border crossing sufficiently renders any subsequent non-appearance voluntary. The defense continues to disagree, and the Court is aware of the parties' positions.

III.    The Defense Acknowledges That The Defendant's Earlier Expression Of His Desire To Return May Weigh In Favor Of A Finding Of Voluntary Absence. But It Does Not Resolve The Constitutional Defect.

The defendant previously expressed, through counsel, his desire to return for sentencing. (Declaration dated February 3, 2026, ¶ 4 [ECF 481]). The defense acknowledges that this can create an incentive for the Court to declare his subsequent absence voluntary. But the defendant's expression of a desire to return does not remove the constitutional defect that will occur in a sentencing proceeding that takes place without the defendant's presence and resulted from the Government's act of deporting him beforehand. *Hays* remains controlling – if a defendant's non-appearance at sentencing proceedings -- in which he has a constitutional right to attend -- is compelled by government conduct, such absence is involuntary and any hearing that takes place without the defendant violates constitutional rights. *Hays,* 977 F. 2d. at 478.[2]

---

[2] The Government states that "*Hays* holds no such thing. *Hays* held that sentencing a voluntarily absent defendant does not violate constitutional rights. 977 F.2d at 478. An

The defendant's earlier expression of a desire to return is not inconsistent with the defense's present position that constitutional concerns remain where the Government deported the defendant before sentencing.

Additionally, the defendant's representation made on or about February 3, 2026 is not relevant to the issue of whether the Court should consider the defendant's cooperation (which pre-dated this representation) when fashioning a sentence, which this Court can and should do. *See United States v. Tadio*, 663 F.3d 1042, 1044 (9th Cir. 2011) (a district court may also consider the defendant's cooperation and the credible risks that resulted from that cooperation as a basis for a downward variance). Regardless of how the Court resolves the present dispute concerning sentencing procedure, the defendant's extensive cooperation remains a proper consideration under § 3553(a).

Respectfully Submitted,

LAW OFFICE OF IAN WALLACH, PC

Dated: May 11, 2026

IAN WALLACH
*Attorney for Defendant*,
Javier Hernandez

---

argument that inverts a holding is not authority for the inverted proposition." (Gov'ts. Motion at p. 2:5 -8). But *Hays* expressly held that sentencing an involuntarily absent defendant violated constitutional rights. *Hays*, 977 F. 2d at 478 ("Instead, California sentenced him in absentia and thereby deprived him of his constitutional liberty interest in being present at a crucial stage of his criminal proceeding. Because Hays did not waive his right to be present at his sentencing, California's action was a violation of his federal constitutional right to due process").