UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**               **'O'**

| Case No. | 2:17-cr-00064-CAS - 3 | Date | May 27, 2026 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | JohnPaul LeCedre, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorney for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JAVIER HERNANDEZ | NOT | | X | IAN WALLACH | NOT | X | |

**Proceedings:**          (IN CHAMBERS) - REQUEST FOR RULING OF VOLUNTARY ABSENCE AND MOTION FOR DECLARATION OF BREACH (Dkt. 512, filed April 24, 2026)

## I.      INTRODUCTION AND BACKGROUND

On February 3, 2017, the government filed a three-count indictment against defendants Esmeralda Gomez, Raymundo Lugo Martinez, Javier Hernandez (aka Francisco Iniguez) (hereafter, "defendant" or "Hernandez") and Henry Quijada. Dkt. 1. The indictment charged defendants with (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (3) sought criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1)(A). Id.

On December 8, 2021, defendant entered a plea of guilty to Count 1 of the Indictment, charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), b(1)(A)(viii). Dkt. 99. Defendant agreed to cooperate with the government and testify at the jury trial of two co-defendants, which was scheduled for August 19, 2025. Dkt. 161 at 2; Dkt. 168 ¶ 3.

On February 19, 2025, defendant was arrested by United States Immigration and Customs Enforcement (ICE) and detained at Desert View Facility in Adelanto, California for removal proceedings. Dkt 163 at 1. On February 19, 2025, after defense counsel notified government counsel that defendant had been detained by immigration officials, the parties stipulated to continuing defendant's sentencing hearing to October 6, 2025. Dkt. 162.

On March 17, 2025, defendant filed a writ of habeas corpus, and the government filed a non-opposition. Dkts. 164, 165. The Court set a hearing for March 31, 2025. Dkt. 169. At the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**                         **'O'**

hearing, counsel for defendant notified the Court and the government that defendant had been deported.  Dkt. 172.  On April 1, 2025, Pretrial Services notified the Court that it had made contact with defendant who advised Pretrial Services that he was deported on March 24, 2025, by ICE, and that he was now residing in Mexico.  Dkt. 171 at 1.  Pretrial Services notified defense counsel and Assistant United States Attorney LeCedre, who each reported being aware of the situation.  Id.

On April 2, 2025, defendant filed a motion to dismiss the indictment against him.  Dkt. 170.  On April 17, 2025, the Court took the matter under submission.  Dkt. 179.

On August 19, 2025, the criminal trial for defendant's co-defendants commenced.  Dkt. 364.  On August 26, 2025, the jury returned verdicts of not guilty for two of defendant's co-defendants.  Dkts. 404, 405.

On August 26, 2025, the Court relieved the U.S. Probation and Pretrial Services of its obligation to file an amended Pretrial Services Investigation Report, until further notice, and the Court set a briefing schedule on defendant's motion to dismiss.  Dkt. 390.  On September 23, 2025, defendant filed a statement that as a result of defense counsel's limited communications with defendant, defense counsel would not be able to submit a Sentencing Position Paper for the sentencing scheduled for October 6, 2025.  Dkt. 426.  On September 29, 2025, the Court continued defendant's sentencing hearing to November 3, 2025.  Dkt. 430.  On September 30, 2025, the government filed its sentencing memorandum.  Dkt. 440.

On October 2, 2025, defendant filed an *ex parte* application to set a hearing date for the motion to dismiss and to continue defendant's sentencing hearing.  Dkt. 444.  On October 2, 2025, the government filed its opposition to defendant's *ex parte* application to continue the sentencing hearing.  Dkt. 447.

On October 3, 2025, the Court held a status conference.  Dkt. 441.  At the status conference, the Court set a hearing for defendant's motion to dismiss on November 24, 2025, and the Court reset defendant's sentencing hearing to February 23, 2026.  Dkt. 451.  On November 10, 2025, defendant filed a supplemental motion to dismiss.  Dkt. 463.  On November 12, 2025, defendant filed a motion to set aside the plea agreement.  Dkt. 466.

On November 24, 2025, the Court held a hearing on defendant's motion to set aside the plea agreement and motion to dismiss the indictment.  Dkt. 478 ("Order on Motion to Dismiss").  The Court denied defendant's motion to set aside the plea agreement, finding that the government had not breached the plea agreement.  Id. at 7.  The Court denied defendant's motion to dismiss the indictment, finding that the government's lawful removal of defendant did not constitute outrageous government misconduct rising to the level of a due process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**                'O'

violation and that the opportunity for defendant to lawfully return to the United States via the parole process was sufficient to remedy the impact of deportation on defendant's rights to counsel and personal presence at sentencing.  Id. at 9-11.

On January 5, 2026, the government filed a notice of anticipated sentencing procedure in the event of defendant's non-appearance.  Dkt. 480.  The government stated that, in the event that defendant does not personally appear for the sentencing scheduled for February 23, 2026, the government would not seek an immediate adjudication of any contested issues but would request a continuance to address a procedural path forward in light of the plea agreement.  Id.

On February 3, 2026, defendant filed an *ex parte* application for a status conference regarding the sentencing date and "to update the Court regarding the voluntary return of Mr. Hernandez."  Dkt. 481 at 2.  In an attached declaration, defendant's counsel stated "Mr. Hernandez has made the voluntary choice to return to the United States for sentencing."  Id. at 3 ¶ 4.

On February 6, 2026, the Court held a status conference.  Dkt. 483.  At the status conference, the Court continued defendant's sentencing to April 16, 2026, and ordered the government to effectuate parole so that defendant could lawfully return to the United States for sentencing.  Id.  The Court ordered U.S. Probation and Pretrial Services to provide an updated Presentence Report on or before March 2, 2026, and set a schedule for defendant's sentencing brief and the government's reply.  Id.

On March 2, 2026, U.S. Probation and Pretrial Services issued a revised recommendation letter, dkt. 484; a revised presentence report, dkt. 485; and a first addendum to the revised presentence report, dkt. 486.

On March 23, 2026, defendant filed a motion for reconsideration of the Court's order on defendant's motion to dismiss.  Dkt. 487.  On March 25, 2026, the Court denied defendant's motion for reconsideration.  Dkt. 489.

On April 1, 2026, the government filed a status report, informing the Court that the government had obtained approval for Advance Parole for defendant to lawfully return to the United States to attend his sentencing hearing.  Dkt. 490.

On April 8, 2026, defendant filed a sentencing memorandum.  Dkt. 493.

On April 13, 2026, U.S. Probation and Pretrial Services filed a second addendum to the revised presentence report.  Dkt. 496.

On April 13, 2026, the government filed a revised sentencing memorandum.  Dkt. 497.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## *AMENDED CRIMINAL MINUTES – GENERAL          'O'

On April 16, 2026, defendant did not appear at the sentencing hearing.  Dkt. 504.  The Court conferred with counsel and the parties agreed to a briefing schedule on the two questions of whether defendant can be sentenced *in absentia* pursuant to Rule 43 of the Federal Rules of Criminal Procedure and the government's allegation that defendant breached the plea agreement.  Id.  The Court continued the sentencing hearing to May 14, 2026.  Id.

On April 24, 2026, the government filed the instant request for ruling of voluntary absence and motion for declaration of breach.  Dkt. 512 ("Mot.").  On May 1, 2026, defendant filed an opposition.  Dkt. 514 ("Opp.").  On May 7, 2026, the government filed a reply.  Dkt. 521 ("Reply").  On May 11, 2026, defendant filed a surreply.  Dkt. 522 ("Surreply").

On May 14, 2026, the Court held a hearing on the government's request for a ruling of voluntary absence and motion for declaration of breach.  Defendant did not appear for sentencing on May 14, 2026.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Ruling of Voluntary Absence

"The United States Constitution protects the right to be present at one's trial and sentencing."  United States v. Ornelas, 828 F.3d 1018, 1021 (9th Cir. 2016) (citing U.S. Const. amends. V, VI, XIV; Illinois v. Allen, 397 U.S. 337, 338 (1970)).  "But this right, like most rights, can be waived."  Id.  Rule 43 of the Federal Rules of Criminal Procedure, which embodies the constitutional right to be present at sentencing, provides that "a defendant . . . who had pleaded guilty . . . waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing."  Fed. R. Crim. P. 43(c).  Accordingly, Rule 43 permits the Court to proceed with sentencing *in absentia*, i.e., in the defendant's absence, if he is "voluntarily absent."  Id.

Whether a defendant is "voluntarily absent" is a factual determination for the district court to make based on the circumstances and record.  Ornelas, F.3d at 1021-22.  The Ninth Circuit has explained that the government initially bears the burden of proving that a defendant knowingly waived his constitutional right to sentencing, but "where the defendant knew of the [hearing] date and nothing suggested an enforced absence, the defendant 'has the burden of going forward and offering evidence to refute the [voluntariness] finding of the trial court.'"  Ornelas, 828 F.3d at 1022 (quoting United States v. Marotta, 518 F.2d 681, 684 (9th Cir. 1975)).[1]

---

[1] The Seventh Circuit applies a stricter standard requiring the district court to "indulge every reasonable inference against a finding of voluntary absence" and to "explore on the record any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**            'O'

### B.   Declaration of Breach of Plea Agreement

"Plea agreements are contracts and are enforced as such." United States v. Cannel, 517 F.3d 1172, 1176 (9th Cir. 2008). "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) (citations omitted). "Construing ambiguities in favor of the defendant makes sense in light of the parties' respective bargaining power and expertise." Id. at 1338. "A court must determine breach, with an evidentiary hearing if there are disputed issues of fact, and as a matter of law if the pleadings show no factual disputes." United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988) (citing United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir.), cert. denied, 451 U.S. 1018 (1981)). The government has the burden of proof to show by a preponderance of the evidence that the defendant breached the plea agreement. Id. (citations omitted).

To succeed on a claim of defendant's breach of a plea agreement, the government must prove:

(1) That the agreement by its terms was revocable upon breach by [defendant];

(2) That [defendant] has breached the agreement;

(3) That, if he breached it, the breach was material; and

(4) That [defendant] had notice and an opportunity to cure any breach.

United States v. Packwood, 687 F. Supp. 471, 473 (N.D. Cal. 1987), aff'd, 848 F.2d 1009 (9th Cir. 1988).

## III.   DISCUSSION

### A.   Government's Request for Ruling of Voluntary Absence

The government requests that the Court rule that defendant was "voluntarily absent" from his sentencing hearing on April 16, 2026, on the grounds that defendant knew of the proceeding and chose not to appear. Mot. at 10. The government argues that defendant does not contend that he was unaware of the April 16, 2026 sentencing date. Id. The government further argues that defendant has been in contact with his counsel throughout proceedings and that defendant

---

serious questions raised about whether the defendant's absence was knowing and voluntary." United States v. Achbani, 507 F.3d 598, 601-02 (7th Cir.2007). "[H]owever, the district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary." Id. at 602 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### *AMENDED CRIMINAL MINUTES – GENERAL                    'O'

completed an interview by telephone with U.S. Probation and Pretrial Services on February 26, 2026.  Id.  The government argues that defense counsel was ethically obligated to inform defendant that the government would secure authorization for defendant's lawful entry into the United States prior to sentencing.  Id.  And in February 2026, defense counsel filed a sworn declaration representing that defendant "has made the voluntary choice to return to the United States for sentencing."  Id. (quoting Dkt. 481 at 3 ¶ 4).  The government asserts that, upon reviewing defense counsel's sentencing submissions and the complaints therein regarding the logistics of defendant's return, counsel for the government wrote to defense counsel on April 9, 2026, offering the government's assistance with defendant's transportation to the United States for sentencing.[2]  Id. at 11.  The government contends that this offer was neither accepted nor meaningfully acknowledged.  Id.

Next, the government argues that defendant's claimed security concerns to explain his absence do not defeat voluntariness.  Id.  The government argues that the Court has already addressed and rejected the proposition that circumstances in Mexico created a government-attributable barrier to defendant's participation in these proceedings.  Id. at 12 (citing dkts. 478, 489).  The government further argues that the record contradicts a defendant's security-concern narrative.  Id.  The government points to its scrupulous filing under seal of all cooperation-related materials and taking affirmative steps to protect defendant's identity.  Id.  The government argues that defendant does not fear exposure because defendant, on his own accord, gave a video interview to the Los Angeles Times about this case, identifying himself and describing his cooperation.  Id.  The government argues that defendant cannot now claim that the resulting attention from his deliberate choice to put himself in the public record prevented him from appearing before the Court.  Id.  The government argues that the sole specific "threat" that defendant invokes consists of an unsubstantiated, anonymous communication.  Id.  Finally, the government argues that defendant cannot selectively engage with the judicial process—appearing through counsel to file sentencing memoranda, submitting character letters, seeking departures and variances—all while claiming that personal danger prevents him from doing the one thing the Court actually requires: appearing for sentencing.  Id.

In opposition, defendant argues that the Court must indulge every reasonable inference against a finding of voluntary absence, and if the government is responsible for defendant's absence then it is not voluntary.  Opp. at 7.  Defendant argues that the record raises substantial and well-documented questions regarding whether his absence is voluntary.  Id. at 8.  Defendant

---

[2] The government argues that its offer of transportation assistance was a courtesy extended in good faith, not an acknowledgement of any legal obligation to facilitate defendant's return.  Id. at 11 n.2.  The government contends that its sole obligation was to provide a legal pathway to appear, which it discharged through parole authorization, and that any logistical arrangement beyond that was defendant's responsibility to pursue.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**                    **'O'**

argues that the government deported defendant without previously moving to advance the sentencing or effectuate a hearing where the government or this Court could give notice to the defendant of the means and manner to return and provide defendant with the documentation necessary to do so.  Id.  Defendant argues that the government could have connected the defendant with its assets in Mexico at the time of removal so that they could effectuate defendant's return, but it did not.  Id.  Defendant argues that, instead, the government delegated the duty of effectuating defendant's return to defense counsel.  Id.  Defendant argues that the government cannot convert an involuntary absence into a voluntary one by obtaining authorization for defendant's return while leaving to defense counsel the responsibility for effectuating that return.  Id.  Defendant argues that providing a parole authorization that required coordinated law enforcement execution, without facilitating that execution, did not create a meaningful path for return.  Id. at 9.  Defendant argues that authorization to return is not the same as the ability to return.  Id.  Defendant argues that delegating tasks associated with the return of defendant to defense counsel is impermissible.  Id. at 10.  Defendant argues that, under normal circumstances, a deported defendant would have no reason to continue to communicate with his probation officer or his defense counsel, as he would have no reason to believe that he would be able to return for any Court proceedings or that the government desired his return.  Id.  But defendant argues that is not the case here, where defendant underwent a substantial transformation and rehabilitation upon his arrest in this case.  Id.  Because of his relationship with his probation officer and his defense counsel, he maintained contact with each while living in Mexico under an assumed name.  Id.  Defendant argues that these facts may ultimately prove to his detriment if the Court finds that the government rendered defendant's post-deportation absence voluntary by communicating return information to defense counsel.  Id.  Defendant also argues that the government cannot force defense counsel to select between competing ethical obligations by mandating that defense counsel assist with a process that could, in defense counsel's subjective opinion, expose his client to a genuine risk of injury or death.  Id. at 11.  Defendant also argues that defense counsel cannot be compelled to be an agent or instrument of the government as that would impermissibly encroach on the attorney-client relationship.  Id. at 12.

Given defendant's knowledge that his sentencing hearing would take place on April 16, 2026, and defendant's knowledge of the government's offer of parole authorization allowing him to lawfully return to the United States, the Court finds that the government meets its initial burden to establish that defendant's absence was knowing and voluntary.  Accordingly, it is defendant's burden to offer evidence that his absence was involuntary.  See Ornelas, 828 F.3d at 1022.  The Court finds that defendant fails to provide evidence that his absence on April 16, 2026 was involuntary.  Instead, defendant largely reargues his motion to dismiss his indictment on the grounds that he was deported while proceedings were ongoing.  Opp. at 9.  Defendant contends that his absence from the sentencing hearing on April 16, 2026, was involuntary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### *AMENDED CRIMINAL MINUTES – GENERAL                    'O'

because the government deported him in March 2025.  Id.  The Court previously considered the impact that defendant's unexpected pre-sentencing deportation had on defendant's constitutional rights, including defendant's rights to counsel and to personal presence at sentencing.  See Order on Motion to Dismiss at 10.  The Court found that the particular circumstances of this case did not warrant dismissal of the indictment in part because defendant maintained communication with defense counsel such that he could learn of a continued sentencing date and the opportunity to lawfully return to the United States via the parole process to be present for a continued sentencing hearing.  Id. at 11.

Contrary to what defendant argues, defense counsel has not been asked to do anything more than communicate significant developments in the case to his client, including the offer of parole authorization and the date of sentencing.[3]  Id. at 11 n.8.  Upon learning of the continued sentencing hearing date and the government's offer of parole, it then became defendant's choice whether to appear at sentencing.  Furthermore, the government did not "delegate" the duty of returning defendant to the United States to defense counsel because the government did not have such an affirmative duty.  Opp. at 9.  Rather, the government's responsibility was to "exercise reasonable diligence" to secure defendant's presence at sentencing.  Hays v. Arave, 977 F.2d 475, 478 (9th Cir. 1992), overruled on other grounds by Rice v. Wood, 77 F.3d 1138 (9th Cir. 1996).  The government satisfied this responsibility by securing parole authorization and offering transportation assistance to defendant.  See Mot. at 11.  If defendant chooses to appear at sentencing, it is ultimately his duty—not the government's or defense counsel's duty—to logistically facilitate his appearance at the sentencing hearing.  As of February 3, 2026, defendant apparently "made the voluntary choice to return to the United States for sentencing."  Dkt. 481 at 3 ¶ 4.  Defendant now argues that parole authorization did not create "a meaningful path" for return to the United States from Mexico.  Opp. at 9.  Indeed, the Court recognizes that someone in defendant's circumstances may anticipate or encounter transportation difficulties, financial burdens, or safety concerns in making his way to a port of entry at the United States-Mexico border.  However, defendant has not identified or offered evidence of any specific obstacles to his ability to enter the United States and travel to the sentencing hearing.  Moreover, prior to the sentencing hearing, defendant did not request logistical assistance from either the Court or the government.  Therefore, the record supports a

---

[3] The Court explicitly recognized "that defense counsel is under no obligation to advise his client to pursue any course of conduct that would be against the interest of his client."  Order on Motion to Dismiss at 11 n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**          **'O'**

finding of voluntary absence.[4]  Accordingly, the Court grants the government's request for a ruling of voluntary absence, and sentencing of defendant may proceed *in absentia*.

**B.      Government's Motion to Declare a Breach of the Plea Agreement**

The government moves for the Court to declare that defendant breached the plea agreement on two independent grounds: first, based on defendant's failure to appear at required court proceedings; and second, based on defendant's alleged materially inconsistent account of his offense conduct to U.S. Probation and Pretrial Services in his February 26, 2026 presentence interview.  Mot. at 14-18.  The government argues that defendant's non-appearance at the sentencing hearing violates paragraph 2(d) of the plea agreement which requires defendant to "[a]ppear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter."  Id. at 14 (quoting Dkt. 95 ("Plea Agreement") at ¶ 2(d)).  The government argues that the Court's finding that defendant's non-appearance at sentencing was voluntary resolves this question of breach.  Id.  The government argues that defendant also breached the plea agreement by describing to U.S. Probation and Pretrial Services during his presentence interview his role in the offense as merely a passive participant who "realized it was a drug deal, and continued moving forward."  Id. at 16 (quoting dkt. 485 ¶ 21).  The government argues that this account is materially inconsistent with what defendant told federal agents and a federal prosecutor, under proffer on March 23, 2022, about his role in the offense, including: "that he knew narcotics would be in the vehicle before he agreed to proceed; that he personally arranged the use of the garage; that he drove with his co-conspirator to escort the trap vehicle to the off-load location; that he purchased tools at O'Reilly Auto Parts to open the hidden compartment; and that he pressed forward despite believing law enforcement was surveilling him."  Id. at 15-16.  The government argues that one or the other account is false, resulting in a violation of either paragraph 2(g) or 2(f) of the plea agreement.[5]  Id.  The government argues the plea agreement provides that "all of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach," and that upon the Court's finding of breach, "the USAO will be relieved of all its obligations under this agreement."  Id. at 13-14 (quoting Plea Agreement ¶ 26).  The government concludes that fundamental fairness requires the Court to

---

[4] The same conclusion holds even under the stricter Seventh Circuit standard because defendant fails to raise any "serious questions about whether [his] absence was knowing and voluntary."  Achbani, 507 F.3d at 601-602.

[5] Paragraph 2(f) provides that defendant agrees to: "Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ('U.S.S.G.' or 'Sentencing Guidelines') § 4A1.2(c) are not within the scope of this agreement."  Plea Agreement ¶ 2(f).  Paragraph 2(g) provides that defendant agrees to: "Be truthful at all times with the United States Probation and Pretrial Services Office and the Court."  Id. at ¶ 2(g).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CRIMINAL MINUTES – GENERAL**          'O'

declare a breach of the plea agreement and relieve the government of its sentencing commitments. Id. at 18.

In opposition, defendant argues that the government has not established a material breach of the plea agreement. Opp. at 2. Defendant argues that the government does not identify any materially false statement to U.S. Probation and Pretrial Services, and that the presentence interview differs in scope and purpose from a proffer such that defendant's participation was appropriate, candid, and honest in both. Id. at 2-3. Defendant argues that the government also fails to establish that defendant's absence is voluntary. Id. at 4.

The Court finds that the government fails to meet its burden to prove a breach of the plea agreement by a preponderance of the evidence. First, the Court agrees with defendant that the allegedly inconsistent statements made to U.S. Probation and Pretrial Services regarding defendant's role in the offense are not materially false statements and thus do not breach defendant's agreement to "[b]e truthful at all times with the United States Probation and Pretrial Services Office and the Court." Plea Agreement ¶ 2(g); see Packwood, 848 F.2d at 1012 ("[U]nder the literal terms of [defendant's] agreement, *information* that is merely incomplete and not actually false is not a breach."). Nor does the government provide evidence to show that defendant's proffer contained materially false information such that defendant breached paragraph 2(f) of the plea agreement.

Second, the Court finds that defendant's failure to appear at court proceedings following his deportation do not constitute a material breach of the plea agreement. While defendant's absence at his sentencing hearing is "voluntary" in the sense that he had knowledge of the sentencing hearing date and the opportunity to be present, defendant's failure to appear at court proceedings is also partially explained by the government's choice to lawfully remove defendant from the United States with proceedings still pending, including the trial of co-defendants and defendant's sentencing. Moreover, when faced with the unexpected circumstance of being deported while prosecution was ongoing, defendant continued to participate in the action from Mexico. Defendant's continued participation in the action permitted the government to provide a remedy to the impact of deportation on defendant's rights to counsel and to be present at sentencing. See Order on Motion to Dismiss at 10-11. Therefore, while defendant's absence at sentencing may be a technical breach of paragraph 2(d), the Court finds that it is not a *material* breach. The question of whether a breach is material is not resolved simply by the provision in the agreement that "all of defendant's obligations are material." Plea Agreement ¶ 26. "Breach or nonperformance is material when it 'frustrate[s] the purpose of the contract.'" eOnline Glob., Inc. v. Google LLC, 387 F. Supp. 3d 980, 986 (N.D. Cal. 2019) (quoting Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal. App. 3d 1032, 1051 (Ct. App. 1987)). That defendant did not appear at court proceedings following his deportation is the result in the first instance of the government's choice to remove

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## *AMENDED CRIMINAL MINUTES – GENERAL                            'O'

defendant with proceedings still pending.  Accordingly, the Court finds that defendant's voluntary choice not to make a difficult, costly, and potentially dangerous return trip for sentencing is sufficient to sentence defendant *in absentia* pursuant to Rule 43 of the Federal Rules of Criminal Procedure, but it is not sufficient to constitute a material breach of the plea agreement such that the government is relieved from its obligations.

### C.    Defendant's Renewed Motion to Dismiss for Outrageous Government Conduct

Defendant's opposition includes a section entitled "Renewal of Motion to Dismiss for Outrageous Conduct."  Opp. at 15.  Defendant acknowledges that the Court has previously denied this motion but renews it again "to account for subsequent acts and for consideration of the acts cumulatively and for the purposes of preservation."  Id.  The Court declines to consider this "motion" because it is improperly filed in an opposition brief.  See C.D. Cal. L.R. 7-4.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's request for a ruling of **\*voluntary absence**.  Accordingly, the Court proceeds with sentencing *in absentia*.  The Court **DENIES** plaintiff's motion for a declaration of defendant's breach of the plea agreement.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |